FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2008 MAY 12 AM 10: 52
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WALLACE E. WILLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0217** |
| **HORNBECK OFFSHORE OPERATORS, L.L.C.** | **SECTION "K"(4)** |

**JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

YOU HAVE HEARD ALL THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF THE TRIAL OR MAKE IN THE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

I WILL BEGIN WITH SOME GENERAL INSTRUCTIONS AND CONTINUE WITH SPECIFIC INSTRUCTIONS PERTAINING TO THE LAW APPLICABLE TO THE CLAIMS MADE IN THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE

___Fee ________
___Process ________
x Dktd ________
√ CtRmDep ________
___Doc. No. ________

NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM. DO NOT DECIDE WHO YOU THINK SHOULD WIN AND THEN ANSWER THE QUESTIONS ACCORDINGLY. YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS.

YOU MUST ANSWER ALL QUESTIONS FROM A PREPONDERANCE OF THE EVIDENCE, WHICH MEANS THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

AS I INSTRUCTED YOU AT THE BEGINNING OF THE TRIAL, YOUR NOTES, IF YOU HAVE CHOSEN TO TAKE ANY, SHOULD BE USED ONLY AS MEMORY AIDS. YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE. IF YOU HAVE TAKEN NOTES, YOU SHOULD STILL RELY ON YOUR OWN INDEPENDENT RECOLLECTION OF THE PROCEEDINGS, AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE MEMORY OR IMPRESSION OF EACH JUROR AS TO WHAT THE TESTIMONY MAY HAVE BEEN. WHETHER YOU HAVE TAKEN NOTES OR NOT, EACH OF YOU MUST FORM YOUR OWN OPINION AS TO THE FACTS OF THE CASE.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR

ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE OR SHE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON EVIDENCE IN THE CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE. HOWEVER, IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

IF A WITNESS IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS'S TESTIMONY IN OTHER PARTICULARS. YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU THINK IT DESERVES.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THIS CASE. ONE IS DIRECT EVIDENCE–SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE– THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT OR CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD–HE IS CALLED AN EXPERT WITNESS– IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME.

THE PARTIES HAVE AGREED OR STIPULATED THAT MR. WILLS IS A SEAMAN. THIS MEANS THAT BOTH SIDES AGREE THAT THESE ARE FACTS. YOU MUST THEREFORE TREAT THIS FACT AS HAVING BEEN PROVED.

CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF TRIAL. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. SOME QUESTIONS AND ANSWERS WERE READ OR SHOWN TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

DURING THE COURSE OF TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

I WILL NOW INSTRUCT YOU CONCERNING THE SPECIFIC LAW APPLICABLE TO THIS CASE.

**STATEMENT OF THE CASE**

WALLACE EUGENE WILLS, AN EMPLOYEE OF HORNBECK OFFSHORE OPERATORS, L.L.C. ALLEGES THAT ON OR ABOUT SEPTEMBER 10, 2004, HE WAS INJURED WHILE HANDLING A RETRIEVAL LINE ON A FUEL BARGE. HE CONTENDS THAT THE LINE WAS TOO LARGE AND TOO SHORT TO ACCOMPLISH THE JOB AND COULD NOT HAVE BEEN SAFELY HANDLED BY ONE INDIVIDUAL. HE CLAIMS THAT HE WAS REQUIRED TO PULL ON THE LINE WHILE ON HIS KNEES TO RELEASE IT FROM THE BITT AND AS A RESULT WAS INJURED. HE CONTENDS THAT HIS INJURY PREVENTS HIM FROM RETURNING TO HIS PRIOR EMPLOYMENT. MR. WILLS FURTHER CLAIMS THAT HORNBECK HAS FAILED TO PAY CERTAIN EXPENSES. HORNBECK DISPUTES THIS CLAIM.

HORNBECK DISPUTES WALLACE EUGENE WILLS'S ACCOUNT OF HOW HE ALLEGEDLY WAS INJURED. IT CONTENDS THAT THE LINE BEING USED BY PLAINTIFF WAS THE LENGTH AND SIZE OF LINE NORMALLY USED FOR THAT JOB, AND THAT THE JOB WAS ROUTINELY PERFORMED BY ONE PERSON AND COULD SAFELY BE DONE BY ONE PERSON. HORNBECK FURTHER DISPUTES THAT PLAINTIFF SUFFERED ANY INJURY AND TO THE EXTENT THAT PLAINTIFF HAS ANY MEDICAL PROBLEMS

TODAY, THEY ARE RELATED TO PROBLEMS THAT HE HAD PRIOR TO HIS ALLEGED ACCIDENT.

**JONES ACT – NEGLIGENCE**

PLAINTIFF'S FIRST CLAIM IS ASSERTED UNDER THE JONES ACT.

THE JONES ACT IS A FEDERAL STATUTE WHICH PROVIDES A REMEDY TO ANY SEAMAN WHO SUFFERS PERSONAL INJURIES IN THE COURSE OF HIS EMPLOYMENT DUE TO THE NEGLIGENCE OF HIS EMPLOYER, OR THE EMPLOYER'S OFFICERS, AGENTS OR OTHER EMPLOYEES. THE RIGHT OF ACTION AFFORDED BY THE JONES ACT IS AVAILABLE ONLY TO A MEMBER OF A CREW OF A VESSEL IN NAVIGATION.

UNDER THE JONES ACT, WALLACE EUGENE WILLS, MUST PROVE THAT HIS EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION, IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW. HOWEVER, AN EMPLOYER DOES NOT HAVE A DUTY TO WARN THE SEAMAN OF OBVIOUS DANGERS.

A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. SUCH CIRCUMSTANCES INCLUDE NOT

ONLY THE EMPLOYEE'S RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORKING ENVIRONMENT, BUT ALSO THE SEAMAN'S EXPERIENCE TRAINING OR EDUCATION. A SEAMAN'S EMPLOYER HAS NO DUTY TO INSTRUCT AN EXPERIENCED SEAMAN ON MATTERS WITHIN COMMON SENSE, OR TO REMIND HIM OF WHAT HE ALREADY KNEW OR SHOULD HAVE KNOWN.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT THE PLAINTIFF WAS INJURED BECAUSE THE DEFENDANT FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

THE FACT THAT THE DEFENDANT CONDUCTED ITS ACTIVITIES IN A MANNER SIMI LAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER THE DEFENDANT WAS NEGLIGENT OR NOT.

YOU MUST DETERMINE IF THE ACTIVITY IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ASSIGNED THE PLAINTIFF TO PERFORM A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

**UNSEAWORTHINESS**

THE PLAINTIFF SEEKS DAMAGES FOR PERSONAL INJURIES THAT HE CLAIMS WERE CAUSED BY THE UNSEAWORTHINESS OF THE DEFENDANT'S VESSEL THE YABUCOA SERVICE/ENERGY 6503.

A SHIPOWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP, AND ALL DECKS, PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS, AND EQUIPMENT OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL–A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED PURPOSE–NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT FREE SHIP. HE NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THEIR ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS ON HIS VESSEL. HE IS ONLY

REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT MANPOWER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT IN ACCORDANCE WITH THE LAW AS I HAVE EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE SHIPOWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE DEFENDANT OR ANY OF ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW AND APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND THE DEFENDANT IS NOT LIABLE TO THE PLAINTIFF ON THE CLAIM OF UNSEAWORTHINESS.

**CAUSATION**

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, THE JONES ACT CLAIM HAS A DIFFERENT RULE THAN THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

IN AN UNSEAWORTHINESS CLAIM, THE PLAINTIFF MUST SHOW, NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

**CONTRIBUTORY NEGLIGENCE**

THE DEFENDANT CONTENDS THAT THE PLAINTIFF WAS NEGLIGENT, AND THAT THE PLAINTIFF'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURIES. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. THE DEFENDANT HAS THE BURDEN OF PROVING THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE

NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING, AND EDUCATION. IN OTHER WORDS, UNDER THE JONES ACT A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

IF YOU FIND THAT THE DEFENDANT WAS NEGLIGENT OR THAT THE VESSEL WAS UNSEAWORTHY, AND THAT THE NEGLIGENCE OR UNSEAWORTHINESS WAS THE LEGAL CAUSE OF THE PLAINTIFF'S INJURIES, BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO THE CONTRIBUTORY NEGLIGENCE OF THE PLAINTIFF, THEN YOU MUST DETERMINE THE PERCENTAGE THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE SPECIAL INTERROGATORIES. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE YOU ASSIGN TO THE PLAINTIFF.

**DAMAGES**

IF THE PLAINTIFF HAS PROVEN HIS CLAIM AGAINST THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANT IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANT IS LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANT

IF YOU FIND THAT THE DEFENDANT IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. COMPENSATORY DAMAGES ARE NOT ALLOWED AS PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES–WHAT THE LAW CALLS COMPENSATORY DAMAGES–THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY; THEY INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. THEY ARE AN ATTEMPT TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

FURTHERMORE, WHILE THE DEFENDANT MUST ACCEPT THE PLAINTIFF'S PHYSICAL STATE AS IT FINDS HIM, THE DEFENDANT IS ONLY RESPONSIBLE FOR THE DAMAGES THAT WERE PROXIMATELY CAUSED BY THE DEFENDANT'S NEGLIGENT CONDUCT OR THE UNSEAWORTHINESS OF THE SHIP.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE: PAST AND FUTURE PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF THE PLAINTIFF'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; PAST AND FUTURE MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY HIS INJURY, INCOME LOSS IN THE PAST; IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT IN THE NORMAL PROGRESS IN THE PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION; THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO THE PLAINTIFF, OF MEDICAL CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTIONS.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF

HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT WHICH YOU AWARD ON THIS BASIS.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT IT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT.

HOWEVER, SOME OF THE DAMAGES WHICH YOU MAY DETERMINE, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES.

ANY AWARD YOU MAKE TO THE PLAINTIFF WITH RESPECT TO THESE INTANGIBLE INJURIES IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE

THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON THOSE TYPES OF INJURIES.

**PRE-EXISTING INFIRMITY**

IF YOU FIND THAT THERE WAS A PRE-EXISTING INFIRMITY, THE FOLLOWING INSTRUCTION WOULD APPLY. A PARTY IS ENTITLED TO RECOVER FOR DAMAGES THAT ARISE WHEN AN INJURY CAUSES SOME PRE-EXISTING INFIRMITY TO FLARE UP OR BECOME MORE SERIOUS; HOWEVER, THE DAMAGES DUE IN SUCH A CASE ARE ONLY FOR THE RESULTS CAUSED BY THE AGGRAVATION OR WORSENING OF THE CONDITION, NOT FOR THE PRE-EXISTING CONDITION.

THERE IS ANOTHER PRINCIPLE INVOLVED WITH RESPECT TO PRE-EXISTING CONDITIONS. PLAINTIFF IS ENTITLED TO RECOVER FOR AN AGGRAVATED CONDITION EVEN THOUGH HE WAS MORE VULNERABLE TO INJURY BECAUSE OF HIS PRE-EXISTING INFIRMITY. ANOTHER ASPECT OF THIS IS THAT THE DEFENDANT IS LIABLE FOR ALL THE NATURAL AND RESPONSIBLE CONSEQUENCES OF ITS ACTION, EVEN THOUGH THE CONSEQUENCES OF THE ACTION ARE MADE MORE SERIOUS OR HARMFUL BY REASON OF A PRE-EXISTING DEFECT OR WEAKNESS OF THE INJURED PERSON.

TO SUMMARIZE, IF YOU DECIDE THAT PLAINTIFF HAD A PRE-EXISTING CONDITION, HE MAY NOT RECOVER DAMAGES FOR THAT CONDITION OR WHATEVER LOSS HE SUFFERS AS A RESULT. BUT IF THE PLAINTIFF PROVES THAT HIS PRE-EXISTING CONDITION IS MADE WORSE BY AN ACCIDENT FOR WHICH

SOMEONE IS RESPONSIBLE, THE PLAINTIFF MAY RECOVER DAMAGES FOR WORSENING, BUT ONLY FOR WORSENING.

**DAMAGES--MULTIPLE CLAIMS**

IN A CIVIL ACTION SUCH AS THIS, EACH PARTY ASSERTING A CLAIM, AS HEREAFTER DESCRIBED, HAS THE BURDEN OF PROVING EVERY ESSENTIAL ELEMENT OF THAT CLAIM BY A "PREPONDERANCE OF THE EVIDENCE." A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY "A PREPONDERANCE OF THE EVIDENCE" MERELY MEANS TO PROVE THAT THE CLAIMS IS MORE LIKELY SO THAN NOT SO.

WHERE MORE THAN ONE CLAIM IS INVOLVED, AS IN THIS CASE WHERE THERE IS A CLAIM OF NEGLIGENCE UNDER THE JONES ACT, AND A CLAIM OF UNSEAWORTHINESS, YOU SHOULD CONSIDER EACH CLAIM, AND THE EVIDENCE PERTAINING TO IT, SEPARATELY, BUT IN DETERMINING ANY FACT IN ISSUE YOU MAY CONSIDER THE TESTIMONY OF ALL THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL THE EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF A PREPONDERANCE OF THE EVIDENCE DOES NOT SUPPORT EACH ESSENTIAL ELEMENT OF A CLAIM, THEN YOU SHOULD FIND AGAINST THE PARTY HAVING THE BURDEN OF PROOF AS TO THAT CLAIM.

HOWEVER, IN CONSIDERING THESE CLAIMS SEPARATELY, YOU MUST NOT AWARD COMPENSATORY DAMAGES MORE THAN ONCE FOR THE SAME INJURY. FOR EXAMPLE, IF THE PLAINTIFF PREVAILS ON TWO CLAIMS AND ESTABLISHES A DOLLAR AMOUNT FOR HIS INJURIES, YOU MUST NOT AWARD HIM ANY ADDITIONAL COMPENSATORY DAMAGES ON EACH CLAIM. THE PLAINTIFF IS ONLY ENTITLED TO BE MADE WHOLE ONCE, AND MAY NOT RECOVER MORE THAN HE HAS LOST.

**MAINTENANCE AND CURE**

THE PLAINTIFF CLAIMS THAT, AS A SEAMAN, HE IS ENTITLED TO RECOVER MAINTENANCE AND CURE. THE CLAIM IS SEPARATE AND INDEPENDENT FROM THE JONES ACT AND UNSEAWORTHINESS CLAIMS OF THE PLAINTIFF. YOU MUST DECIDE THIS CLAIM SEPARATELY FROM YOUR DETERMINATION OF HIS JONES ACT AND UNSEAWORTHINESS CLAIMS.

MAINTENANCE AND CURE IS A SEAMAN'S REMEDY. PLAINTIFF IS A SEAMAN, THUS YOU MUST DETERMINE WHETHER HE IS ENTITLED TO MAINTENANCE AND CURE.

MAINTENANCE AND CURE PROVIDES A SEAMAN, WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN THE SERVICE OF THE SHIP, MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF WHILE RECUPERATING.

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN THOUGH HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, THE PLAINTIFF NEED ONLY SHOW THAT HE SUFFERED AN INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK RELATED, IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SERVICE OF THE VESSEL.

THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST OF MEDICAL ATTENTION INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES, AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE.

A SEAMAN IS ENTITLED TO RECEIVE MAINTENANCE AND CURE FROM THE DATE HE LEAVES THE VESSEL UNTIL HE REACHES THE POINT OF WHAT IS CALLED "MAXIMUM CURE." MAXIMUM CURE IS THE POINT AT WHICH NO

FURTHER IMPROVEMENT IN THE SEAMAN'S MEDICAL CONDITION IS REASONABLY EXPECTED. THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT THE TREATMENT WILL ONLY RELIEVE PAIN BUT WILL NOT IMPROVE A SEAMAN'S PHYSICAL CONDITION, HE HAS REACHED MAXIMUM MEDICAL CURE. THE OBLIGATION TO PROVIDE CURE ENDS WHEN QUALIFIED MEDICAL OPINION IS TO THE EFFECT THAT MAXIMUM POSSIBLE CURE HAS BEEN ACCOMPLISHED.

YOU MUST DETERMINE WHEN THE EMPLOYER'S OBLIGATION TO PAY MAINTENANCE AND CURE ENDS. ONE FACTOR YOU MAY CONSIDER IN DETERMINING WHEN THE PERIOD ENDS IS THE DATE THE SEAMAN RESUMED HIS EMPLOYMENT, IF HE DID SO. HOWEVER, IF THE EVIDENCE SUPPORTS A FINDING THAT ECONOMIC NECESSITY FORCED THE SEAMAN TO RETURN TO WORK PRIOR TO REACHING MAXIMUM CURE, YOU MAY TAKE THAT FINDING INTO CONSIDERATION IN DETERMINING WHEN THE PERIOD OF CURE ENDS.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES UNDER THE JONES ACT OR UNSEAWORTHINESS CLAIMS, AND IF YOU AWARD HIM EITHER LOST WAGES OR MEDICAL EXPENSES, THEN YOU MAY NOT AWARD HIM MAINTENANCE AND CURE FOR THE SAME PERIOD OF TIME. THAT IS BECAUSE THE PLAINTIFF MAY NOT RECOVER TWICE FOR THE SAME LOSS OF WAGES OR MEDICAL EXPENSES. HOWEVER, THE PLAINTIFF MAY ALSO BE

ENTITLED TO AN AWARD FOR DAMAGES FOR THE FAILURE TO PAY MAINTENANCE AND CURE WHEN IT WAS DUE.

THE PARTIES STIPULATE THAT HORNBECK OFFSHORE OPERATORS, L.L.C. HAS PAID WALLACE EUGENE WILLS THE FOLLOWING:

- MAINTENANCE THROUGH MAY 22, 2007; AND
- CURE THROUGH MAY 22, 2007
- SUPPLEMENTAL WAGES THROUGH JANUARY 18, 2005 IN THE AMOUNT OF $12,285.00

A SHIPOWNER WHO HAS RECEIVED A CLAIM FOR MAINTENANCE AND CURE IS ENTITLED TO INVESTIGATE THE CLAIM. HOWEVER, IF AFTER INVESTIGATING THE CLAIM, THE SHIPOWNER UNREASONABLY REJECTS THE CLAIM FOR MAINTENANCE AND CURE, HE IS LIABLE FOR BOTH THE MAINTENANCE AND CURE PAYMENTS HE SHOULD HAVE MADE, AND ANY COMPENSATORY DAMAGES CAUSED BY ITS UNREASONABLE FAILURE TO PAY. COMPENSATORY DAMAGES MAY INCLUDE ANY AGGRAVATION OF THE PLAINTIFF'S CONDITION BECAUSE OF THE FAILURE TO PROVIDE MAINTENANCE AND CURE.

THUS, YOU MAY AWARD COMPENSATORY DAMAGES BECAUSE THE SHIPOWNER FAILED TO PROVIDE MAINTENANCE AND CURE IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT:

- THE PLAINTIFF WAS ENTITLED TO MAINTENANCE AND CURE;
- IT WAS NOT PROVIDED;
- THE DEFENDANT ACTED UNREASONABLY IN FAILING TO PROVIDE MAINTENANCE AND CURE; AND
- THE FAILURE TO PROVIDE MAINTENANCE AND CURE RESULTED IN SOME DAMAGE TO THE PLAINTIFF.

IF YOU ALSO FIND THAT THE SHIPOWNER'S FAILURE TO PAY MAINTENANCE AND CURE WAS NOT ONLY UNREASONABLE, BUT WAS WILLFUL, THAT IS, WITH THE DELIBERATE INTENT TO DO SO, YOU MAY ALSO AWARD THE PLAINTIFF ATTORNEY'S FEES. HOWEVER, YOU SHOULD NOT AWARD ATTORNEY'S FEES UNLESS THE SHIPOWNER ACTED WILLFULLY IN DISREGARD OF THE SEAMAN'S CLAIM FOR MAINTENANCE AND CURE. THE PLAINTIFF MAY NOT RECOVER ATTORNEY'S FEES FOR THE PROSECUTION OF THE JONES ACT OR UNSEAWORTHINESS CLAIMS. YOU MAY AWARD ONLY THOSE ATTORNEY'S FEES INCURRED IN PURSUING THE MAINTENANCE AND CURE CLAIM AND ONLY IF YOU FIND THAT THE SHIP OWNER ACTED WILLFULLY, ARBITRARILY OR WITH CALLOUS DISREGARD, IN FAILING TO PAY MAINTENANCE AND CURE .

## MITIGATION OF DAMAGES

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE–AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND THE DEFENDANT IS LIABLE AND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES WHICH HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANT HAS THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR

CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANT HAS SATISFIED HIS BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

NOW, I WILL EXPLAIN THE JURY INTERROGATORY FORM TO YOU.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERCICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS EXHIBITS WHICH THE COURT HAS ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT/ON YOUR CONDUCT DURING THE TRIAL AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME. PLEASE GIVE A WRITTEN MESSAGE OR QUESTION TO THE BAILIFF, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU

ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATION.